United States District Court
Southern District of Texas
**ENTERED**
August 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:11-398-2 |
| | § | |
| MIKE AGUILAR, | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Mike Aguilar's letter motion for compassionate release. D.E. 71.

## I. BACKGROUND

In 2011, Defendant pled guilty to conspiracy to possess with intent to distribute one kilogram of cocaine and was sentenced to 72 months in prison, to be followed by 4 years' supervised release. His sentence was reduced to 60 months in 2015 under Amendment 782 to the U.S. Sentencing Guidelines.

In April 2016, the Court revoked Defendant's probation and sentenced him to 3 months' imprisonment after he admitted to a law violation (possession and use of a controlled substance) and failure to abide by the substance abuse treatment program's rules and regulations. Defendant had 45 months' supervision remaining upon his release from prison.

In September 2018, his probation officer filed a Petition for Warrant or Summons for Offender Under Supervision alleging that Defendant had tested positive for cocaine and opiates in April 2018 and for cocaine in June 2018. The Court issued a warrant for Defendant's arrest, but it was not executed until June 2020. A hearing was held on August 3, 2020, during which Defendant admitted to possession and use of controlled substances. He was sentenced to 3

months' imprisonment and is currently in custody at the Coastal Bend Detention Center in Robstown, Texas.

On August 11, 2020, Defendant mailed his current letter motion asking for a reduction in his sentence to time served because he fears contracting COVID-19 while in custody.

## II. LEGAL STANDARD

Defendant cites no authority for his motion; however, 18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.**—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,

>    (II) suffering from a serious functional or cognitive impairment, or
>    (III) experiencing deteriorating physical or mental health because of the aging process,
>
>    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant. –**
>    The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
>    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons. –**
>    As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant is 48 years old. He seeks early release because he fears contracting COVID-19 while in custody, but he does not identify any underlying medical condition that would make him

4

particularly vulnerable to severe illness or death should he contract COVID-19.[1] "The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Koons*, 2020 WL 1940570 at *4. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. Without more, Defendant cannot meet his burden of showing that extraordinary or compelling reasons warrant his release.

## IV. CONCLUSION

For the foregoing reasons, Defendant's letter motion for compassionate release (D.E. 71) is **DENIED**.

It is so **ORDERED** this 19th day of August, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

1. According to the Centers for Disease Control and Prevention, older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (July 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state from solid organ transplant; Obesity; Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Sickle cell disease; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Pregnancy; Pulmonary fibrosis; Smoking; Thalassemia; and Type 1 diabetes mellitus.